85 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert G. HOGUE, Plaintiff-Appellant,
v.
NORTH VALLEY BANK, and Does 1 through 10, inclusive,
Defendant-Appellee.
 No. 95-17300.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 6, 1996.
 
 Before: BROWNING, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert G. Hogue, the trustee of the Denture Center Trust, appeals pro se the district court's dismissal of his action alleging that North Valley Bank violated the Right to Financial Privacy Act (RFPA), 12 U.S.C. §§ 3401-3422, by disclosing the Trust's financial records to an Internal Revenue Service agent in response to an administrative summons. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 RFPA exempts "the disclosure of financial records in accordance with procedures authorized by Title 26," the Internal Revenue Code, from compliance with RFPA's disclosure requirements. See 12 U.S.C. § 3413(c). Here, the summons prepared by Internal Revenue Agent Larry Jay Sidener states on its face that it was issued to the Bank "under authority of the Internal Revenue Code." Accordingly, the district court properly concluded that the Bank did not violate RFPA by complying with the summons.[1]
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to consider for the first time on appeal Hogue's contention that the Bank's disclosure of the Trust's financial records violated 26 U.S.C. § 7209